UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LAUNDRY, DRY CLEANING WORKERS AND
ALLIED INDUSTRIES HEALTH FUND, UNITE
HERE! and LAUNDRY, DRY CLEANING
WORKERS AND ALLIED INDUSTRIES
RETIREMENT FUND, UNITE HERE!,

                 Plaintiffs,

        -and-

JUNG SUN LAUNDRY CORP.,

                Defendant.
-------------------------------------------------------------X

**REPORT &
RECOMMENDATION**

07-CV-1934 (DLI) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

    Plaintiffs (hereinafter the "Trustees"), as trustees of Laundry, Dry Cleaning Workers and

Allied Industries Health Fund, UNITE HERE! and Laundry, Dry Cleaning Workers, and Allied

Industries Retirement Fund, UNITE HERE! (the "Funds"), bring this action against defendant

Jung Sun Laundry Corp. ("Jung Sun") to enforce an arbitration award for failure to make

required contributions in violation of the Employee Retirement Income Security Act of 1974, as

amended, 29 U.S.C. §§ 1132 and 1145 ("ERISA") and the Labor-Management Relations Act of

1947, as amended, 29 U.S.C. § 185.

    In light of Jung Sun's failure to answer or otherwise defend against this action, the

Trustees moved for default judgment on August 28, 2007.  (Docket Entry 8.)  On October 12,

2007, the Trustees requested that the Clerk of Court enter a notation of default against Jung Sun.

(Docket Entry 10.)  On December 28, 2007, the Clerk of Court noted the Jung Sun's default

pursuant to FED. R. CIV. P. 55(a).  (Docket Entry 11.)  On January 7, 2008, the Honorable Dora

L. Irizarry entered a default judgment against Jung Sun and referred the Trustees' motions to me

for a report and recommendation for an inquest on damages and/or attorney's fees. (Docket

Entry dated January 7, 2008.) The Trustees have submitted, inter alia, an affidavit of their

counsel, Mark Schwartz, Esq., in support of their application for damages. (Docket Entry 7.)

For the reasons which follow, I respectfully recommend that the Trustees' motion be granted, and

that judgment be entered against Jung Sun in the amount of $41,076.94.

DISCUSSION

For the sake of brevity, I will dispense with a protracted explanation of the facts normally

associated with damages inquests in ERISA cases. Suffice it to say that the Funds are jointly

trusteed, multi-employer, labor-management trust funds within the meaning of ERISA. (Docket

Entry 1 ¶ 2); *see also* 29 U.S.C. §§ 1002(1)-(3), (37), 1132(d)(1) and 1145. Jung Sun entered

into collective bargaining agreements with the Amalgamated Service and Allied Industries Joint

Board of the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC presently

known as UNITE-HERE, AFL-CIO, CLC (the "Union"), which required it to make contributions

to the Funds on behalf of its union-member employees. (Docket Entry 1 ¶ 3.)

A.     Liability

Judge Irizarry has already entered a default judgment against Jung Sun. (Docket Entry

dated January 7, 2007.) Once a default judgment is entered, a respondent is deemed to have

admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See*

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992);

*Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). The Trustees'

submissions and the fact that respondent is in default establishes Jung Sun's liability for unpaid

contributions under § 1145 of ERISA. *See Greyhound Exhibitgroup*, 973 F.2d at 158 (holding

2

that, upon entry of default, party concedes all well-pleaded factual allegations in complaint except those relating to damages).   Section 1145 states that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  The Trustees allege that Jung Sun entered into a collective bargaining agreement ("CBA") with the Union, under which Jung Sun was obligated to make contributions to the Funds and that Jung Sun failed to make such contributions from February 24, 2007 through and including March 23, 2007.  (Docket Entry ¶ 4.)  Jung Sun's actions thus violated 29 U.S.C. § 1145.

B.    Damages

A petitioner who has established liability under section 1145 is entitled to an award of: 1) the amount of unpaid contributions; 2) interest on the unpaid contributions; 3) liquidated damages; 4) reasonable attorney's fees and costs; and 5) such other legal and equitable relief as the court deems appropriate.  29 U.S.C. § 1132(g)(2).

Although allegations pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not.  *See Greyhound Exhibitgroup*, 973 F.2d at 158.  Rather, claims for damages must generally be established in an evidentiary proceeding at which the respondent is afforded the opportunity to contest the amount claimed.  *Id*.  An evidentiary presentation is required so that the court may ensure that there is a basis for the damages sought before entering judgment in the amount demanded.  *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).  A court may make this determination based upon

evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Rather than hold an evidentiary hearing, I required the Trustees to submit an affidavit and exhibits detailing the damages they sought and the basis thereof. (*See* Docket Entry 8.)

The Trustees seek payment of the full amount of the arbitration award, which includes unpaid contributions to the Funds in the amount of $30,239.79 for the periods of February 24, 2007 through and including March 23, 2007. (Docket Entry 1, Ex. A.) At arbitration, the Trustees provided the arbitrator with an exhibit showing that Jung Sun had previously made contributions to the Trustees and that Jung Sun contributed at the rate of $7,559.95 per week. The exhibit further illustrated that the period for which the award was sought was four weeks.[1] (*Id*. at 2.) As a result, the arbitrator determined that the Trustees were owed an award of $30,239.79. (*Id*. at 3.)

The Trustees also proved to the arbitrator that Jung Sun had failed to produce its books and records as required by a subpoena. (*Id*. at 2.) An award based on an average of Jung Sun's prior contributions was therefore proper. *See Contemporary Mission, Inc. v. Famous Music Corp.,* 557 F.2d 918, 926 (2d Cir. 1977) (holding that, when the existence of damages is certain but the amount itself is uncertain, plaintiff will not be denied a recovery of substantial damages);

---

[1] The period for which the award was sought was denoted as fourteen weeks in Mr. Schwartz's affidavit. (*See* Docket Entry 8 at 3.) This one instance aside, all other supporting documentation denotes the dates in dispute as being from February 24, 2007 through March 23, 2007, a period that is exactly four weeks. Furthermore, the arbitration award was clearly calculated based on four weeks of contributions to the Funds. This discrepancy is thus due to a typographical error and will not factor into this recommendation.

*see also Lexington Products, Ltd. v. B.D. Communications, Inc.*, 677 F.2d 251, 253 (2d Cir. 1982) ("Where a wrong has been done, the courts will endeavor to make a reasonable estimate of damages."); *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1216 (2d Cir. 1972) ("If a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed."). Based on the average rate per week of contributions made by Jung Sun pursuant to the CBA, the Trustees have thus shown that Jung Sun owes $7,559.95 per week for the period of weeks from February 24, 2007 through March 23, 2007, which totals $30,239.79. I therefore confirm that the arbitrator correctly found that Jung Sung owes the Trustees an award of $30,239.79.

The Trustees also seek interest on the unpaid contributions at the rate of 18% per annum pursuant to the terms of the collective bargaining agreement. (*See* Docket Entry 8 at 4.) Based on the rate provided in the plan rules, the Trustees have shown that Jung Sun owes the following interest on unpaid contributions through the date of this report and recommendation:

| Principal | Rate | Per Diem | Period | Interest Due |
|-----------|------|----------|--------|--------------|
| $30,239.79 | 18% | $14.91 | 2/24/07-3/23/07 | $257.04 |
| $30,239.79 | 18% | $14.91 | 3/30/07-9/2/07 | $2,341.30 |
| $30,239.79 | 18% | $14.91 | 9/3/07-2/1/08 | $2,191.77 |
| | | | **Total** | **$4,790.11** |

I have reviewed the Trustees' submissions, independently calculated the amounts sought through February 1, 2008, and find that the Trustees are thus entitled to $4,790.11 in interest on the unpaid contributions.

The Trustees are also entitled to liquidated damages on unpaid contributions in an amount equal to the greater of: 1) the interest on the unpaid contributions; or 2) an amount provided for under the CBA that is no greater than 20% of the unpaid contributions. *See* 29

U.S.C. § 1132(g)(2)(C)(i),(ii). The CBA provides for a rate of liquidated damages at 20%. (*See* Docket Entry 1, Ex. B.) The Trustees are therefore entitled to an award of liquidated damages in the amount of 20% of $30,239.79, which totals $6,047.04.

The Trustees also seek reimbursement for costs and legal fees in the amount of $482.00, consisting of the costs and fees awarded at arbitration and the cost of the purchase of index number. An award of fees and costs is mandatory under ERISA. *See* 29 U.S.C. § 1132(g)(2)(D); *Workers Dist. Council of New York & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erector, Inc.*, 68 F.3d 1502, 1506 (2d Cir. 1995) (citation omitted). However, in support of such a request, the Second Circuit requires that parties submit affirmations and contemporaneous time records. *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Although the arbitrator awarded the Trustees a total of $132.00 in legal fees and costs, the Trustees have not submitted any records in support of this award to the Court. In addition, the Trustees have not presented any records or evidence to support any requests for costs or fees for the instant action. This is not the first time that the Trustees have failed to submit contemporaneous records in support of reimbursement of costs and attorneys' fees. *See Laundry, Dry Cleaning Workers and Allied Indus. Health Fund v. Stainless Partners, Inc., Unite Here!*, 07-CV-3542 (CPS)(RML), 2007 WL 3232260, at *3 n.4 (E.D.N.Y. Oct. 31, 2007). In light of this deficiency, I respectfully recommend that the request for costs and attorneys' fees be denied without prejudice to a future showing by the Trustees on actual costs and fees incurred. *See New York City Dist. Council of Carpenters Pension Fund v. Shroid Constr.*, No. 06-CV-13727, 2007 WL 4145460, at *3 (S.D.N.Y. Nov. 13, 2007) (denying request for attorneys' fees from an arbitration award where plaintiffs submitted affidavits that failed to

include or make reference to contemporaneous time records).

CONCLUSION

For the foregoing reasons, I respectfully recommend that default judgment be entered against Jung Sun in the amount of $41,076.94, comprised of $30,239.79 in unpaid contributions, $4,790.11 in interest and $6,047.04 in liquidated damages. In addition I recommend that reimbursement for costs and attorneys' fees be denied without prejudice pending evidentiary submissions, including contemporaneous time records.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Dora L. Irizarry within ten days of receiving this Report and Recommendation. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). The Trustees are hereby directed to serve copies of this Report and Recommendation upon Jung Sun at its last known address, and to file proof of service promptly with the Clerk of the Court.

**Dated: February 1, 2008**
**Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**